### UNITED STATES *v.* BRICE, Executor, etc.[*]

*(Circuit Court, E. D. Pennsylvania. July 8, 1881.)*

**1. LEGACY TAX.**

> Upon facts substantially identical with those of the case of *U. S.* v *Hazard,* just preceding, a legacy *held* not liable to legacy tax, upon the principles laid down in that case.

Motion for judgment in a suit brought by the United States to recover a legacy tax. The jury, by a special verdict, found substantially the following facts:

Singleton A. Mercer died October 14, 1867, leaving personal estate valued at $133,866.08. By his will he gave to his wife, Maria Mercer, his household goods and silver plate, absolutely, and the residue of his estate he gave to a

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

trustee to pay the income to his wife during her life, and after her death to divide the principal among such of his children, or the issue of the deceased children, as should be living at the death of his wife, and, in default of children or their issue, he gave the estate to such persons as would have taken under the intestate law had testator died at that time. Testator's widow died February 14, 1872, leaving three children surviving. If the court should be of opinion that the testator's estate was liable to legacy tax, then verdict for plaintiff for $1,314.85. If the court should be of opinion that the estate was liable also for the penalty for non-payment, then verdict for plaintiff for $1,794.78. If the court should be of opinion that the estate was not liable to the tax, then verdict for defendant.

*John K. Valentine,* U. S. Dist. Att'y, for plaintiff.

*G. Heide Norris,* for defendant.

BUTLER, D. J. Judgment must be entered on the special verdict for the defendant. The testator having died in 1867, the claim of the government rests on the act of 1864, as modified in 1866. As the beneficiaries under the will, whose interests are sought to be taxed, did not become entitled to the possession or enjoyment of the property until the death of Maria Mercer, in February, 1872, and the statute imposing the tax was repealed in 1870, no liability to the government accrued. This case is identical with *U. S.* v. *Hazard,* decided at this term, and what is there said need not be repeated here.

Section 3 of the act of July 1, 1862, (12 St. 485,) provided as follows:

"That any person or persons having in charge or trust as administrators, executors, or trustees of any legacies or distributive shares arising from personal property of any kind whatsoever, where the whole amount of such personal property as aforesaid shall exceed the sum of $1,000 in actual value passing from any person who may die after the passage of this act, possessed of such property, either by will or by the intestate laws of any state or territory, or any part of such property or interest therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows, that is to say:

"*First.* Where the person or persons entitled to any beneficial interest in such property shall be the lineal issue or lineal ancestor, brother or sister, to the person who died possessed of such property, as aforesaid, at and after the rate of 75 cents for each and every hundred dollars of the clear value of such interest in such property." * * *

The act of June 30, 1864, (13 St. 286,) provided:

"Sec. 124. That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal prop-

erty, as aforesaid, shall exceed the sum of $1,000 in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows, that is to say:

" *First.* Where the person or persons entitled to any beneficial interest in such property shall be the lineal issue or lineal ancestor, brother or sister to the person who died possessed of such property, as aforesaid, at the rate of one dollar for each and every $100 of the clear value of such interest in such property. * * *

" Sec. 125. That the tax or duty aforesaid shall be a lien and charge upon the property of every person who may die as aforesaid, for 20 years, or until the same shall, within that period, be fully paid to, and discharged by, the United States; and every executor, administrator, or trustee, before payment and distribution to the legatees, or any parties entitled to beneficial interest therein, shall pay to the collector or deputy collector of the district of which the deceased person was a resident, the amount of the duty or tax assessed upon such legacy or distributive share. * * *

" Sec. 173. That the following acts of congress are hereby repealed, to-wit: The act of July 1, 1862, entitled 'An act to provide internal revenue to support the government and to pay interest on the public debt.' * * * *Provided,* that all the provisions of said acts shall be in force for levying and collecting all taxes, duties, and licenses properly assessed or liable to be assessed, or accruing under the provisions of former acts, or drawbacks, the right to which has already accrued, or which may hereafter accrue, under said acts, and for maintaining and continuing liens, fines, penalties, and forfeitures incurred under and by virtue thereof."

Section 125 of the act of June 30, 1864, was amended by the ninth section of the act of July 13, 1866, (14 St. 140,) as follows:

" That section 125 be amended by inserting after the words ' that the tax or duty aforesaid' the following: Shall be due and payable whenever the party interested in such legacy, or distributive share, or property, or interest aforesaid, shall become entitled to the possession or enjoyment thereof, or to the beneficial interest in the profits accruing therefrom." * * *

The act of July 14, 1870, (16 St. 256,) provided:

" Sec. 3. That on and after the first day of October, 1870, the taxes imposed by the internal revenue laws, now in force, herein specified, be, and the same are, hereby repealed, namely: On articles in Schedule A; the special tax on boats, barges, and flats; on legacies and successions; on passports, and on gross receipts.

" Sec. 17. * * That all the provisions of said acts shall continue in full force for levying and collecting all taxes properly assessed or liable to be

assessed, or accruing under the provisions of former acts, or drawbacks, the right to which has already accrued or which may hereafter accrue under said acts, and for maintaining and continuing liens, fines, penalties, and forfeitures incurred under and by virtue thereof. And this act shall not be construed to affect any act done, right accrued, or penalty incurred under former acts, but every such right is hereby saved."